UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE EDWARD JOHNSON,
    Plaintiff,

vs.                                                      Case No.: 3:19cv516/LAC/EMT

OFFICER KOSANOVICH and
OFFICER POGUE,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 87) and Plaintiff's second amended response thereto (ECF No. 103). The case was referred to the undersigned magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Upon consideration of the parties' submissions and the relevant law, the undersigned concludes Defendants' motion for summary judgment should be denied.

I.     BACKGROUND[1]

Plaintiff is a former inmate of the Florida Department of Corrections (FDOC), confined at Santa Rosa Correctional Institution Annex (SRCI) at the time of the events giving rise to his claims.  Plaintiff names two Defendants in the third amended complaint—Mr. Kosanovich and Mr. Pogue, both of whom were correctional officers at SRCI during Plaintiff's confinement there.

Plaintiff alleges that as Defendants were escorting him to administrative confinement on August 9, 2017, after Plaintiff had been accused of disrespecting a female officer, Defendant Kosanovich lifted him up and body slammed him, "making [him] land on the top of [his] left shoulder and on [the] left side of [his] face onto the ground[,] [c]ausing skin to be removed from [the] left side of [his] face" (ECF No. 21 at 8).  While Plaintiff was "still in hand restraints behind his back," Defendant Pogue "decided to run and lay down in front of Plaintiff while [D]efendant Kosanovich laid on [P]laintiff['s] back" (*id.*).  Plaintiff contends Defendants punched him in the mouth, nose, lips, and right eye, "causing a blood vessel to [rupture] inside [his] right eye causing swelling to [the] right side of [his]

---

[1] The facts set forth below are derived from Plaintiff's verified third amended complaint, the operative pleading in the case (ECF No. 21).

Case No.: 3:19cv516/LAC/EMT

face and mouth," and a "fractured nose, causing a black eye" (*id.*). Plaintiff says that after seeing all the blood, Defendant Pogue "decided to put the spit shield over [P]laintiff['s] face to hide his acts committed, causing a black eye" (*id.*). According to Plaintiff, Defendants "left the scene after [P]laintiff was beat" (*id.* at 9). Plaintiff says he was denied medical treatment immediately following the incident but received treatment the next day—sixty tablets of ibuprofen, a seven-day supply of steroids, and two bottles of saline nasal spray (ECF No. 21 at 12).

Plaintiff asserts claims under the Eighth Amendment for excessive force and failure to protect. As relief, Plaintiff seeks $25,000.00 in compensatory damages, $25,000.00 in punitive damages, and $25,000.00 in "statutory damage[s]" against each Defendant (*id.* at 18).

II.   DISCUSSION

    A.   Standard of Review

To prevail on a motion for summary judgment, the moving party must show the nonmoving party has no evidence to support his case or present affirmative evidence that the nonmoving party will be unable to prove his case at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the moving party successfully negates an essential element of the nonmoving party's case, the burden

shifts to the nonmoving party to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

To defeat summary judgment, the nonmoving party must show more than the existence of a "metaphysical doubt" regarding the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Speculation or conjecture from a party cannot create a genuine issue of material fact. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). And "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004); *see also Celotex Corp.*, 477 U.S. at 324. The nonmoving party must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary

deficiency.  *See id.*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997) (noting Rule 56 requires the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, documents, affidavits or declarations, admissions, interrogatory answers, or other materials on file, designate specific facts showing there is a genuine issue for trial); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994).

"Typically, the nonmoving party may not rest upon only the allegations of his pleadings . . . but must set forth specific facts showing there is a genuine issue for trial."  *Howard v. Memnon*, 572 F. App'x 692, 694 (11th Cir. 2014).  "A *pro se* plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence."  *Id.*  Evidence presented by the nonmoving party in opposition to a motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to the nonmoving party.  *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999).  The nonmoving party nevertheless still bears the burden of coming forward with sufficient evidence of every element he must prove.  *See Celotex Corp.*, 477 U.S. at 317.  A motion for summary judgment should be granted only if "the movant shows that there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322.

    B.    Defendants' Motion

Defendants filed a motion for summary judgment, arguing Plaintiff's claims are barred by *Heck v. Humphrey*; Plaintiff cannot prove a constitutional violation, as Defendants' use of force was reasonable and necessary and, correspondingly, no duty to intervene arose; Defendants are entitled to qualified immunity; and Plaintiff is not entitled to compensatory or punitive damages. The undersigned will address each argument in turn.

    1.    *Heck v. Humphrey*

In *Heck v. Humphrey*, the United States Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove the conviction or sentence has been somehow invalidated. 512 U.S. 477, 486–87 (1994). If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

Defendants argue Plaintiff's claims are barred by *Heck* because success on the claims would undermine the disciplinary actions Plaintiff received as a result of the incident in question.[2] The undersigned disagrees. It is entirely plausible that Plaintiff could have committed infractions for which he was disciplined—namely, "disobeying a verbal or written order," "spoken, written or gestured threats," and "battery or attempted battery on a correctional officer" (ECF No. 87 at 4–5 & Exs.)—but still been the victim of excessive force. Indeed, the fact that Plaintiff's actions may have been unreasonable or worthy of discipline does not necessarily mean that Defendants' actions and uses of force were reasonable and non-excessive. Success on Plaintiff's claims thus would not *necessarily* undermine the disciplinary actions; Plaintiff claims, therefore, are not *Heck*-barred. *See, e.g., Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007) ("[F]or *Heck* to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory.").

2. Excessive force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "In the context of a prisoner's conditions

---

[2] As Defendants note, *Heck* has been applied to claims by prisoners challenging disciplinary actions. *See, e.g., Edwards v. Balisok*, 520 U.S. 641 (1997).

of confinement after incarceration, prison officials violate the Eighth Amendment through "'the unnecessary and wanton infliction of pain.'" *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, (1994) (internal marks omitted)). "Under the Eighth Amendment, force is deemed legitimate in a custodial setting if it is applied in a good-faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Pierre v. Padgett*, 808 F. App'x 838, 844 (11th Cir. 2020) (internal marks omitted). "To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 844–45 (internal marks omitted). "Prison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (internal marks omitted). When determining the reasonableness of force used, the court must "give a wide range of deference to prison officials acting to preserve discipline and security, including

when considering decisions made at the scene of a disturbance." *Pierre*, 808 F. App'x at 845 (internal marks omitted).

As set forth above, Plaintiff alleges Defendants used excessive force against him. In support of their motion, Defendants submitted Declarations of Kosanovich and Pogue in which Defendants describe the incident in question. Defendants also submitted fixed wing and handheld video that depicts Plaintiff immediately following the incident, Plaintiff's medical records, and use of force/incident reports.

In their Declarations, Defendants state that on August 9, 2017, they were escorting Plaintiff to C-dorm to be placed in administrative confinement due to a previous rule infraction when Plaintiff "became belligerent and began making threats towards staff" (ECF Nos. 87-1 at 2, 87-4 at 2). Defendants say Plaintiff "pulled away" from Defendant Kosanovich's custodial hold and refused to comply with Kosanovich's "direct verbal order to cease his actions" (*id.*). Plaintiff then "utilized his right foot to kick Movement Gate #1 open, causing [Kosanovich] to lose . . . balance" (*id.*). Kosanovich says that "[w]hile maintaining [his] custodial hold, [he] applied downward pressure and redirected Inmate Johnson into a prone position on the ground" and that, "[o]nce on the ground, Inmate Johnson began expectorating at [him]" (ECF No. 87-4 at 2).

Pogue says he "witnessed Officer[] Kosanovich utilize reactionary physical force to overcome Inmate Johnson's physical resistance to a lawful command" (ECF No. 87-1 at 2). Pogue confirms that "[o]nce on the ground, Inmate Johnson began expectorating at Officer Kosanovich," who "redirect[ed] Inmate Johnson's head away from him" (*id.*). Pogue then "applied a custodial hold on [Plaintiff]" (ECF Nos. 87-1 at 2, 87-4 at 2). "Other officers responded to [Defendants'] call for assistance, relieved [Defendants'] custodial hold on [Plaintiff], and escorted [Plaintiff] to the C Dormitory (Administrative Confinement) medical triage room" (*id.*). Defendants deny punching Plaintiff in the face (*id.*). As previously noted, Plaintiff received a disciplinary report as a result of the incident (ECF No. 87-4 at 5, 8).

There is a fundamental factual dispute between the parties as to the events that transpired on August 9, including whether use of force was necessary and whether the force used was excessive. Plaintiff submitted a Declaration in which he denies spitting on Kosanovich and kicking Movement Gate #1 (ECF No. 103 at 24–25). Unfortunately, there is no video of the incident or other objective evidence to resolve the conflict. Defendants thus have not demonstrated an "absence of a genuine issue of material fact," as required for summary judgment. *See Celotex Corp.*, 477 U.S.

at 322. While Defendants have presented highly persuasive evidence, such evidence does not conclusively refute Plaintiff's allegations. Rather, it creates a swearing contest, and a swearing contest between interested witnesses is a conflict for a jury to resolve. *See, e.g., Joassin v. Murphy*, 661 F. App'x 558, 559–60 (11th Cir. 2016) (holding that a prisoner's sworn testimony creates a genuine issue of material fact and prisoner's testimony is not conclusively refuted by the testimony of interested prison officials who are defendants or colleagues of defendants).

### 3. Failure to protect

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting *Farmer*, 511 U.S. at 832) (alterations and internal marks omitted). "A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Caldwell*, 748 F.3d at 1099 (emphasis omitted) (quoting *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal marks omitted)). In other words, "an officer who is present at the scene and who fails to take reasonable steps to protect

the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002).

"To prevail on such a claim brought under § 1983, the plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015). "There must be a 'strong likelihood' of injury, 'rather than a mere possibility,' before an official's failure to act can constitute deliberate indifference." *Id*. (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)). Moreover, while an officer has an affirmative duty to prevent another from violating an individual's constitutional rights, the officer must have a realistic opportunity to prevent the illegal conduct. *See Ensley v. Soper*, 142 F.3d 1402, 1407–08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983[.]" *Brown*, 894 F.2d at 1537.

In the event a jury were to determine either Defendant used excessive force against Plaintiff, the jury could also determine that the other Defendant had a duty

to intervene and failed to do so. Defendants thus have failed to demonstrate lack of a genuine issue of material fact with regard to Plaintiff's failure to protect claim.

    4.      Qualified immunity

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pierre*, 808 F. App'x at 846 (internal marks omitted). "To show that an official who acted within the scope of his discretionary authority is not entitled to qualified immunity, a plaintiff must establish both that (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Id.* (internal marks omitted). Considering a genuine issue of material fact exists with regard to Plaintiff's excessive force and failure to protect claims, summary judgment plainly is inappropriate on the basis of qualified immunity, as the prohibition on use of excessive force and the duty to protect were clearly established at the time of the incident at issue in this case.

    5.      Damages

Finally, Defendants argue Plaintiff is not entitled to the compensatory and punitive damages he seeks. According to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail,

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by Plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of Plaintiff's third amended complaint that Plaintiff was a prisoner at the time he filed this action and that the alleged harm occurred while he was in custody.

As set forth above, Plaintiff alleges Defendants inflicted a number of injuries upon him, including a ruptured vessel in his right eye and a fractured nose. Defendants have not conclusively refuted they injured Plaintiff, including Plaintiff's nose, although the medical records indicate that, at least as of the time x-rays were interpreted on August 23, 2017, Plaintiff did not in fact have a fractured nose, as had been suspected (*see* ECF No. 87-2 at 2, 5, 8–9). The undersigned is not prepared to find, as a matter of law, that an injury prison medical professionals suspected to constitute a fractured nose is de minimis. *See, e.g., Hoffmann v. McCray*, No. 3:17-CV-361-J-39JRK, 2019 WL 3413536, at *9 (M.D. Fla. July 29, 2019) ("While some of Plaintiff's physical injuries can be described as de minimis, the Court declines to

find as a matter of law that a concussion and a broken nose fall into that category."). In any event, Plaintiff would not be prohibited from recovering punitive damages. *See Hoever v. Marks*, 993 F.3d 1353, 1357 (11th Cir. 2021) (holding that § 1997e(e) permits punitive damages absent a showing of physical injury, overruling prior precedent to the contrary). Accordingly, Plaintiff is not prohibited under the PLRA from recovering the damages he seeks.

III.    CONCLUSION

Crediting Plaintiff's version of events, which the court must at this stage, *see Evans v. Stephens,* 407 F.3d 1272, 1278 (11th Cir. 2005), Defendants have failed to demonstrate that no genuine issue of material fact exists with regard to Plaintiff's claims.

Accordingly, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (ECF No. 87) be **DENIED**.

At Pensacola, Florida this 24th day of August 2021.

>                 */s/ Elizabeth M. Timothy*
>                 **ELIZABETH M. TIMOTHY**
>                 **CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  A copy of objections must be served on all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  A copy of objections must be served on all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**